# OLSHAN

1325 AVENUE OF THE AMERICAS ■ NEW YORK, NEW YORK 10019
TELEPHONE: 212.451.2300 ■ FACSIMILE: 212.451.2222

EMAIL: THAWKINS@OLSHANLAW.COM
DIRECT DIAL: 212.451.2375

> **APPLICATION GRANTED**
> **SO ORDERED**
> **VERNON S. BRODERICK**
> **U.S.D.J.** 10/31/2023
>
> The stay is granted until the Second Circuit issues its decision in *Packer v. Raging Cap. Mgmt., LLC*, No. 15-CV-05933 (JMW), 2023 WL 2484442, at *2 (E.D.N.Y. Mar. 13, 2023). No later than two weeks after the decision is issued, the parties shall file supplemental briefing explaining how the decision impacts the pending motion to dismiss. SO ORDERED.

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Donoghue et al v. SilverSun Technologies, Inc. et al, 23-cv-04480 (VSB)*

Dear Judge Broderick:

We represent Defendants Ault Global Holdings, Inc., Digital Power Lending, LLC, and Milton C. Ault, III ("Defendants") in this matter. We write to respectfully ask the Court to stay discovery during the pendency of Defendants' fully-briefed Motion to Dismiss for lack of Article III standing. The parties have met and conferred regarding Defendants request, and plaintiffs support Defendant' motion to stay discovery.

<u>Good Cause Exists to Stay Discovery Pending Defendants' Motion to Dismiss</u>

Under Rule 26(c) of the Federal Rules of Civil Procedure, courts are empowered to stay discovery pending the outcome of a motion to dismiss upon a showing of good cause. Courts routinely grant discovery stays in this district "when a motion to dismiss is potentially dispositive and appears to be not unfounded in law." *Gross v. Madison Square Garden Ent. Corp.*, No. 23CV3380LAKJLC, 2023 WL 6815052, at *1 (S.D.N.Y. Oct. 17, 2023) (collecting cases). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Id.* (quoting *Alford v. City of New York*, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012).

Where, as here, Defendants seek to dismiss the entire case on the issue of the plaintiff's standing, courts have held it appropriate to stay discovery. In *Renois v. WVMF Funding, LLC*, No. 20CV09281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021), for example, the court granted a discovery stay when "Defendants' arguments set forth in the Rule 12(b)(1) dismissal motion [were colorable and raise[d] threshold challenges to the Court's subject-matter jurisdiction and . . . if granted, [the motion] would result in the dismissal of the entire action." Similarly, in *Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021), the court concluded that the Defendant had shown good cause for a stay when "[t]here [was] a fully briefed, potentially dispositive motion, which could result in either dismissal or a stay of the claims . . . pending arbitration." *See also Marsh & McLennan Agency LLC v. Williams*, No. 22 CIV. 8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023)

October 30, 2023
Page 2

(determining, that "the burden of discovery on Defendants in this case weigh[ed] in favor of a stay" when defendants moved to stay discovery pending determination of a motion to dismiss for lack of standing.)

Here, as in *Renois* and *Al Thani,* there is a fully briefed and pending Motion to Dismiss the entire case on a threshold issue of law. Defendants argue in their Motion to Dismiss that plaintiffs have not sufficiently alleged a concrete injury sufficient to confer standing under Article III under the Supreme Court's decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2197, 210 L. Ed. 2d 568 (2021). In *Packer on behalf of 1-800 Flowers.com, Inc. v. Raging Capital*, --- F. Supp. 3d ---, 15-CV-05933 (JMW), 2023 WL 2484442, at *8 (S.D.N.Y. Mar. 13, 2023), the court dismissed a similar claim brought under Section 16 on standing grounds, explaining among other things, that there "no reason why . . . *TransUnion*'s Article III standing principles would not apply to securities statutes such as Section 16(b)." Thus, Defendants' motion is clearly viable and has the potential to dispose of the entire matter.

Moreover, no prejudice would result from a stay here because plaintiffs have conceded that they initially voluntarily dismissed this case and only recently re-filed it pending a decision in the *Packer* appeal, which will clarify the law on Article III standing in Section 16 cases in this Circuit. Indeed, plaintiffs noted in their Complaint that this lawsuit was initially "voluntarily discontinued without prejudice to await development of the law of Article III standing in §16(b) suits … [underway in] an unrelated appeal pending in the Second Circuit." (Compl. ¶ 11). The *Packer* appeal will, among other things, resolve a split among the district courts with respect to the effect of the Supreme Court's decision in *TransUnion* on what must be pled to allege a Section 16 claim. *Compare Avalon Holdings Corp. v. Gentile*, 16-cv-7291 (DLC), 2023 WL 4744072 (S.D.N.Y. July 25, 2023) *with Packer*, 2023 WL 2484442, at *8. The Second Circuit is routinely called upon to resolve splits among district courts. *See, e.g., Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). In *Packer*, the parties appellate briefs were fully submitted on October 12, 2023, and oral argument has not yet been scheduled. Given the posture of this case and the appeal, staying discovery will result in no prejudice to plaintiffs. Indeed plaintiffs have indicated that they support Defendants' motion seeking a discovery stay.

In light of these considerations, we respectfully request that the Court grant a stay of discovery during the pendency of Defendants' motion to dismiss.

Respectfully Submitted,

/s/ *Theodore J. Hawkins*

Theodore J. Hawkins

cc: all counsel of record (via ECF)

12254365-1